# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER DANIEL GAY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:19CV00439 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| | ) | By: James P. Jones |
| **CHIP SHULER, ET AL.,** | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Christopher Daniel Gay, Pro Se Plaintiff.*

The plaintiff, Christopher Daniel Gay, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Upon review of the complaint, I conclude that the action must be summarily dismissed.

Gay's Amended Complaint and attachments present the following sequence of events related to his claims. Gay is currently an inmate at the Southwest Virginia Regional Jail in Meadowview, Virginia. On January 28, 2019, after a traffic stop, Smyth County Sheriff's Deputies arrested Gay on unspecified charges. From Gay's person, the deputies seized $12,500 in cash and a locked cell phone. Records available online indicate that Gay has several serious criminal charges pending against him in state court, including eluding police, three counts of attempted capital murder of a law enforcement officer, and possession of a firearm

and ammunition as a convicted felon. A hearing related to these charges is scheduled for August 15, 2019.[1]

According to Gay, however, the money and cell phone are unrelated to the criminal charges for which he was arrested. He claims that he and his fiancée had saved the money to purchase a landscaping truck. Gay has allegedly made several unsuccessful efforts, through court motions and letters to the Smythe County sheriff and the mayor of Marion, Virginia, to have the money and the cell phone released to Gay's fiancée, a nurse in Tennessee with no criminal record. Gay has received no response from the sheriff or the mayor on the issue. Now Gay brings this § 1983 action against these officials, claiming that I can order Smyth County officials to release the money and the cell phone to the fiancée as Gay demands.

I am unable to grant the relief that Gay seeks. In essence, he is appealing to this federal trial court, seeking reversal of the order or orders issued by the Smyth County General District Court that refused to require return of the seized cash and cell phone. Lower federal courts, like this one, do not have appellate jurisdiction to review or reverse rulings of any state court. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies

---

[1] According to an online news source, at the time of Gay's arrest, investigators had been searching for him for months as a suspect in a theft in Tennessee. See Nick Beres, *'Little Houdini' Arrested after High Speed Chase*, News Channel 5-Nashville (Jan. 29, 2019, 4:36 PM), https://www.newschannel5.com/news/little-houdini-arrested-after-high-speed-chase.

exclusively with superior state courts and, ultimately, with the United States Supreme Court. *Id.* at 731; 28 U.S.C. § 1257. Thus, I have no jurisdiction under § 1983 to address Gay's contention that the state court erred in failing to order return of his property items.

I also cannot find that Gay has alleged any actionable § 1983 claim against the defendants for allowing law enforcement officials to retain the property items seized upon Gay's arrest. The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend. IV. The initial seizure of the items in Gay's possession when he was arrested was not unreasonable. *Chimel v. California*, 395 U.S. 752, 763 (1969) ("[I]t is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction."). It is also reasonable for government officials to retain lawfully seized property items so long as they have a "'continuing interest'" in that property, such as an ongoing criminal investigation. *United States v. Carter*, 859 F. Supp. 202, 204–05 (E.D. Va. 1994). With multiple criminal charges pending against Gay in Smyth County, and the potential of additional charges against him in Tennessee related to a theft, he has failed to state facts showing why law enforcement officials have no continuing interest in the seized property items. Accordingly, I conclude that Gay's submissions fail to state

any viable claim that the continued retention of the items at this time constitutes an unreasonable seizure in violation of his rights.

For the stated reasons, I will summarily dismiss this case, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted. A separate Order will be entered herewith.

DATED: August 13, 2019

/s/ *James P. Jones*
United States District Judge